UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE CONTINENTAL INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY; AND STARR LIABILITY AND INDEMNITY, | § § § § § | |
| Plaintiffs, | § § | |
| VERSUS | § § § | DOCKET NO.: JUDGE: MAG. JUDGE: |
| L & L MARINE TRANSPORTATION, INC., A LOUISIANA CORPORATION; C.J.L. INC., A LOUISIANA CORPORATION; RIVER VENTURES LLC, A LOUISIANA LIMITED LIABILITY COMPANY; AND CGB ENTERPRISES, INC., A LOUISIANA CORPORATION; *IN PERSONAM;* M/V ANGELA RAE; M/V FREEDOM; AND FSB 101; *IN REM;* | § § § § § § § § § § | |
| Defendants. | § | |

## COMPLAINT

**NOW INTO COURT,** by and through undersigned counsel, come Plaintiffs, The Continental Insurance Company, National Union Fire Insurance Company, and Starr Liability and Indemnity (collectively referred to as "Plaintiffs," or "Insurers"), to assert claims against Defendants, L & L Marine Transportation, Inc., a Louisiana corporation; C.J.L. Inc., a Louisiana corporation; River Ventures LLC, a Louisiana limited liability company; and CGB Enterprises, Inc., a Louisiana corporation, *in personam*; and M/V ANGELA RAE; M/V FREEDOM, and FSB 101; *in rem*, as follows.

# I.

## <u>PARTIES</u>

1.

Plaintiff, The Continental Insurance Company, is an insurance carrier that insured, among other things, the property and contingent business losses of Western Rivers Boat Management, Inc.

2.

Plaintiff, National Union Fire Insurance Company, is an insurance carrier that insured, among other things, the property and contingent business losses of Western Rivers Boat Management, Inc.

3.

Plaintiff, Starr Liability and Indemnity, is an insurance carrier that insured, among other things, the property and contingent business losses of Western Rivers Boat Management, Inc.

4.

Defendant, L & L Marine Transportation, Inc., is a corporation domiciled in Harvey, Louisiana.

5.

Defendant, C.J.L. Inc., is a corporation domiciled in Harvey, Louisiana.

6.

Defendant, River Ventures, LLC, is a limited liability company domiciled in St. Amant, Louisiana.

7.

Defendant, CGB Enterprises, Inc. is a corporation domiciled in Covington, Louisiana.

8.

*In rem* defendant, THE M/V ANGELA RAE, was a steel-hulled, 54.2 foot, 98 gross ton towing vessel, documented in the United States, and bearing Official No. 567959. The vessel is presently, or will be during the pendency of this action, located within the jurisdiction of this Court.

9.

*In rem* defendant, the M/V FREEDOM, was a steel-hulled, 75.5 foot, 150 gross ton towing vessel, documented in the United States, and bearing Official No. 505538. The vessel is presently, or will be during the pendency of this action, located within the jurisdiction of this Court.

10.

*In rem* defendant, FSB 101, was a 180 foot, 5,000 capacity, "floating super-pallet" barge owned by Boskalis and chartered by CGB Enterprises, Inc. at all times relevant to this action. The vessel is presently, or will be during the pendency of this action, located within the jurisdiction of this Court.

## II.

## JURISDICTION & VENUE

11.

This Court has subject matter jurisdiction over this matter, pursuant to 28 U.S.C. §1333. Venue is proper in this Court because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this judicial district.

## III.

## FACTUAL BACKGROUND

### 12.

At all times relevant hereto, L & L Marine Transportation, Inc. and/or C.J.L., Inc. was the owner and/or operator of the M/V ANGELA RAE.

### 13.

At all times relevant hereto, River Ventures, LLC was the owner and/or operator of the M/V FREEDOM.

### 14.

Western Rivers Boat Management, Inc. (Plaintiffs' insured) is a family-owned business which provides inland marine transportation and towage services within the United States. Western Rivers Boat Management, Inc. ("Western Rivers") is headquartered in Paducah, Kentucky, and also operates out of an office in Covent, Louisiana. At all times relevant hereto, Western rivers owned and operated the M/V MISS DOROTHY, a steel-hulled, 63.5 foot, 150 gross ton towing vessel, documented in the United States and bearing Official No. 576489.

### 15.

On or about December 29, 2013, the M/V MISS DOROTHY, under the command of Captain Joseph Colomb, was traversing the Mississippi River with barge FSB 101, which was chartered by defendant CGB Enterprises, Inc., in tow when it allided with a portion of the bridge fender system at Pier 4 of the Sunshine Bridge located at LA 70 in St. James Parish.

### 16.

At the time of the allision, the M/V MISS DOROTHY was assisting the M/V ANGELA RAE, and the M/V FREEDOM, with towage of FSB 101. The M/V ANGELA RAE was the lead

tug and was responsible for coordination of the tow. Both the M/V ANGELA RAE and M/V FREEDOM were positioned behind FSB 101, pushing it down the river, and the M/V MISS DOROTHY was positioned at the head of FSB 101.

17.

The allision sunk the M/V MISS DOROTHY, resulting in a total loss of the vessel. It also damaged the Sunshine Bridge fender system, and injured deckhand Joshua Deranger who was working on board the M/V MISS DOROTHY at the time of the incident.

18.

As a result of the allision, Western Rivers sustained a total loss of the M/V MISS DOROTHY, and has incurred substantial additional costs including, but not limited to, sue and labor and medical expenses for Mr. Deranger's injuries. The State of Louisiana Department of Transportation and Development has also recently filed suit against Western Rivers for the damage caused to the Sunshine Bridge fender system as a result of the allision.

19.

Pursuant to a preexisting insurance policy in effect at the time of the loss, Plaintiffs have paid and continue to pay for damages and costs incurred by Western Rivers as a result of this incident. Accordingly, Plaintiffs are now subrogated to the claims of Western Rivers against Defendants to the extent of any payments that have been made or will be made under that policy.

**IV.**

**CAUSES OF ACTION**

20.

The allision and damage to both the M/V MISS DOROTHY and the Sunshine Bridge fender system, as well as the personal injuries to Mr. Deranger (and all other direct and

consequential damages arising from the allision) were not the fault of the plaintiffs or Western

Rivers.  The allision and resulting damages were caused by the fault, carelessness and negligence

of Defendants.  Specifically, Defendants were negligent in one or more of the following ways:

a.      the M/V ANGELA RAE and/or M/V FREEDOM and/or the FSB 101 were

unseaworthy;

b.      the M/V ANGELA RAE and/or M/V FREEDOM and/or the FSB 101 was not

properly equipped with a properly trained master and crew;

c.      the M/V ANGELA RAE and/or M/V FREEDOM and/or the FSB 101 was not

equipped with the proper navigational aids, equipment, charts, and documentation regarding

bridges and  navigation routes;

d.      failing to navigate the Mississippi River and Sunshine Bridge river crossing in a

proper and seamanlike manner;

e.      failure to keep a proper look out;

f.      failure to properly navigate around the Sunshine Bridge fender system;

g.      failure to chart and plan a proper and safe route down the Mississippi River to

avoid the Sunshine Bridge fender system;

h.      failing to properly educate, train and instruct the master and crew regarding the

safe and proper manner to navigate through the Sunshine Bridge area; and

i.      other acts of negligence and carelessness.

21.

Plaintiffs further aver that Defendants are presumed to be at fault under the rule of *The*

*Pennsylvania* because they violated various Inland Rules of the Road, including Rule 2, 5, 6 and

7, and further failed to comply with various provisions of Titles 33 and 46 of the Code of Federal Regulations.

FOR THESE REASONS, Plaintiffs pray:

1.     That the M/V ANGELA RAE, M/V FREEDOM, and FSB 101, their engines, tackle, furniture, apparel, etc., be arrested; that all persons claiming any right, title, or interest to M/V ANGELA RAE, M/V FREEDOM, and FSB 101 be summoned to appear and answer under oath the aforesaid matters; and that the M/V ANGELA RAE, M/V FREEDOM, and FSB 101 be condemned and sold to pay the demands of Plaintiffs, with interest, costs, and attorneys' fees;

2.     That the Court, after due proceedings, enter judgment in favor of Plaintiffs against Defendants, in the amount of Plaintiffs' damages, together with interest, costs, and attorneys' fees; and

3.     That Plaintiffs be granted any and all further relief for which they are justly entitled to.

Respectfully submitted,

**COZEN O'CONNOR**

_____*/s/ Jake P. Skaggs*_____
Jake P. Skaggs
LBN: 33454
Attorney-In-Charge
1221 McKinney, Ste. 2900
Houston, Texas 77010
Telephone: 832-214-3900
Facsimile: 832-214-3905

**COUNSEL FOR PLAINTIFFS**

**OF COUNSEL:**

**COZEN O'CONNOR**
1221 McKinney, Ste. 2900
Houston, Texas 77010
Telephone: 832-214-3900
Facsimile: 832-214-3905